

# CODE OF PRETRIAL AND TRIAL CONDUCT



Please accept this copy of the Code of Pretrial and Trial Conduct published by the American College of Trial Lawyers. The development of this Code by the Fellows of the College and its distribution to persons and institutions engaged in all aspects of the administration of justice represents an important part of the execution of the College's mandate to improve and elevate standards of trial practice, the administration of justice and the ethics of the profession.

The American College of Trial Lawyers, founded in 1950, is composed of the best of the trial bar from the United States and Canada. Fellowship in the College is extended by invitation only, after careful investigation, to those experienced trial lawyers who have mastered the art of advocacy and whose professional careers have been marked by the highest standards of ethical conduct, professionalism, civility and collegiality. Lawyers must have a minimum of 15 years' experience before they can be considered for Fellowship. Membership in the College cannot exceed 1% of the total lawyer population of any state or province. Fellows are carefully selected from among those who represent plaintiffs and those who represent defendants in civil cases; those who prosecute and those who defend persons accused of crime. The College is thus able to speak with a balanced voice on important issues affecting the administration of justice.

The College is confident that utilization of this Code in the course of legal proceedings in the courts and as a teaching aid at the Bar and in the nation's law schools will represent a positive contribution to improving and elevating standards of trial practice, the administration of justice and the ethics of the profession.

**NATIONAL OFFICE**
19900 MacArthur Blvd.
Suite 610
Irvine, CA 92612
t: 949.752.1801
f: 949.752.1674
www.actl.com

## Message from the Chief Justice of the United States

For more than fifty years, the American College of Trial Lawyers has promoted professionalism in the conduct of trial litigation. Its authoritative Code of Trial Conduct, first published in 1956, has served as an enduring landmark in the development of professional standards for advocates.

The College continues those efforts through the publication of its revised and enlarged Code of Pretrial and Trial Conduct. This comprehensive resource sets out aspirational principles to guide litigators in all aspects of their work as advocates of client interests. The Code looks beyond the minimum ethical requirements that every lawyer must follow and instead identifies those practices that elevate the profession and contribute to fairness in the administration of justice.

As Justice Frankfurter noted, "An attorney actively engaged in the conduct of a trial is not merely another citizen. He is an intimate and trusted and essential part of the machinery of justice, an 'officer of the court' in the most compelling sense." I encourage lawyers who engage in trial work to observe and advance the principles that the College has set forth in this volume.

I commend the American College of Trial Lawyers for its leadership in defining and refining the standards of professionalism that are vital to our system of justice.

John G. Roberts, Jr.
Chief Justice of the United States

*"I hold every man a debtor to his profession; from the which, as men of course do seek to receive countenance and profit, so ought they of duty to endeavor themselves, by way of amends, to be a help and ornament thereto."*

*∽ Sir Francis Bacon ∾*

# AMERICAN COLLEGE OF TRIAL LAWYERS



## CODE OF PRETRIAL AND TRIAL CONDUCT

*Approved by the Board of Regents, June 2009*

*Copyright © 2009*
*American College of Trial Lawyers*
*All Rights Reserved*

## Table of Contents

|  | Page |
|---|---|
| Forward | 1 |
| Preamble | 2 |
| Qualities of a Trial Lawyer | 3 |
| Obligations to Clients | 3 |
| Obligations to Colleagues | 4 |
| Obligations to the Court | 4 |
| Obligations to the System of Justice | 5 |
| Motions and Pretrial Procedure | 6 |
| Discovery | 8 |
| Relationships with Witnesses and Litigants | 9 |
| Trial | 11 |

## Forward

The Legal Ethics and Professionalism Committee of the American College of Trial Lawyers (the "College") is charged with the following mandate:

> To advance, improve, and promote ethical standards and professionalism in the trial bar in all its aspects in both the United States and Canada as well as to engage in such other activities as may be directed by the Board of Regents.

All jurisdictions have codes of conduct that prescribe minimum standards for disciplinary purposes. There is no need here to duplicate such standards. This ACTL Code represents an attempt by the College to set down aspirational, rather than minimal, guidelines for trial lawyers and judges. The problem in trial practice today is not that lawyers violate the ethical rules, although some lawyers do. Most lawyers know the rules and try to comply. The real problem is the gradual corrosion of the profession's traditional aspirations, which are:

- Honor for values such as honesty, respect and courtesy toward litigants, opposing advocates and the court;

- A distaste for meanness, sharp practice, and unnecessarily aggressive behavior;

- Engagement in public service;

- A focus on the efficient, fair preparation and trial of cases; and

- A role as agent for counseling and for the resolution of disputes.

Despite what the profession says, the profession often acts as if these values are inconsistent with effective advocacy in an adversary system of justice. The College is uniquely positioned to lead the way in changing these attitudes because it strives to offer Fellowship only to those lawyers who embody the skill and values to which they and the profession should aspire. The College cannot lead by focusing on the lowest floor of acceptable behavior.

The College sees the new code as one that can be endorsed by courts, that can be profitably used in training programs by law schools and bar organizations, and that describes the values that the Fellows of the American College of Trial Lawyers endorse and practice daily.

The new Code of Pretrial and Trial Conduct is a product that the College believes can be endorsed by courts and the profession as articulating the level of conduct to which all members of our profession should aspire. If trial lawyers practice these principles the profession will begin a process of change that benefits lawyers, litigants, and our system of justice.

# Preamble

Admission to the Bar is a high honor, and those lawyers who devote their lives to presenting cases in the courts are truly privileged.  Trial lawyers are officers of the court.  They are entrusted with a central role in the administration of justice in our society necessary to democracy.  Lawyers who engage in trial work have a special responsibility to strive for prompt, efficient, ethical, fair and just disposition of litigation.  The American College of Trial Lawyers believes that, as officers of the court, trial lawyers must conduct themselves in a manner that reflects the dignity, fairness, and seriousness of purpose of the system of justice they serve.  They must be role models of skill, honesty, respect, courtesy, and fairness consistent with their obligations to the client and the court.

Trial lawyers have a duty to conduct themselves so as to preserve the right to a fair trial, one of the most basic of all constitutional guarantees, while courageously, vigorously and diligently representing their clients and applying the relevant legal principles to the facts as found.  Without courtesy, fairness, candor, and order in the pretrial process and in the courtroom, reason cannot prevail and constitutional rights to justice, liberty, freedom and equality under law will be jeopardized.  The dignity, decorum and courtesy that have traditionally characterized the courts are not empty formalities.  They are essential to an atmosphere in which justice can be done.

No client, corporate or individual, however powerful, nor any cause, civil, criminal or political, however important, is entitled to receive, nor should any lawyer render, any service or advice encouraging or inviting disrespect of the law or of the judicial office.  No lawyer may sanction or invite corruption of any person exercising a public office or private trust.  No lawyer may condone in any way deception or betrayal of the court, fellow members of the Bar, or the public.  A lawyer advances the honor of the profession and the best interests of the client when a lawyer embodies and encourages an honest and proper respect for the law, its institutions and officers.  Above all, a lawyer finds the highest honor in a deserved reputation as an officer for justice, faithful to private trust and to public duty, and as an honest person.

This Code of Pretrial and Trial Conduct ("the Code") is not intended to supplant any local rules, procedural rules, or rules of professional conduct.  This Code aims to provide aspirational guidance for trial lawyers.  It sets forth a standard above the ethical minimum – a standard of conduct worthy of the privileges and responsibilities conferred on those who have sworn to serve our system of justice.

This Code is intended to provide guidance for a lawyer's professional conduct except insofar as the applicable law, code or rules of professional conduct in a particular jurisdiction require otherwise.  It is an aspirational guide for trial lawyers and should not give rise to a cause of action or sanction, create a presumption that a legal duty has been breached or form the basis for disciplinary proceedings not created under the applicable law, court rules or rules of professional conduct.

# CODE OF PRETRIAL AND TRIAL CONDUCT

## Qualities of a Trial Lawyer

Trial lawyers are officers of the court.  They are entrusted with a central role in the administration of justice in our society.  Lawyers who engage in trial work have a special responsibility to strive for prompt, efficient, ethical, fair and just disposition of litigation.

### Honesty, Competence and Diligence

(a) A lawyer must in all professional conduct be honest, candid and fair.

(b) A lawyer must possess and apply the legal knowledge, skill, thoroughness and preparation necessary for excellent representation.

(c) A lawyer must diligently, punctually and efficiently discharge the duties required by the representation in a manner consistent with the legitimate interests of the client.

## Obligations to Clients

A lawyer must provide a client undivided allegiance, good counsel and candor; the utmost application of the lawyer's learning, skill and industry; and the employment of all appropriate means within the law to protect and enforce legitimate interests of a client.  A lawyer may never be influenced directly or indirectly by any consideration of self-interest.  A lawyer has an obligation to undertake unpopular causes if necessary to ensure justice.  A lawyer must maintain an appropriate professional distance in advising his or her client, in order to provide the greatest wisdom.

### Employment and Withdrawal

(a) It is the right of a lawyer to accept employment in any civil case unless such employment is or would likely result in a violation of the rules of professional responsibility, a rule of court or applicable law.  It is the lawyer's right and duty to take all proper actions and steps to preserve and protect the legal merits of the client's position and claims, and the lawyer should not decline employment in a case on the basis of the unpopularity of the client's cause or position.

(b) The right of a person accused of a crime to be represented by competent counsel is essential to our system of justice. A lawyer should not decline such representation because of the lawyer's personal or the community's opinion of the guilt of the accused or heinousness of the crime.  A lawyer must raise all defenses and arguments that should be asserted on the client's behalf.

### Fidelity to the Client's Interests

A lawyer must not permit considerations of personal or organizational advancement, financial gain, favor with other persons, or other improper considerations to influence the representation of the client.

## Obligations to Colleagues

A lawyer should be straightforward and courteous with colleagues.  A lawyer should be cooperative with other counsel while zealously representing the client.  A lawyer must be scrupulous in observing agreements with other lawyers.

### Relations with Other Counsel

(a) A lawyer must be courteous and honest when dealing with opposing counsel.

(b) A lawyer should not make disparaging personal remarks or display acrimony toward opposing counsel, and must avoid demeaning or humiliating words in written and oral communication with adversaries.

(c) When practicable and consistent with the client's legitimate interests and local custom, lawyers should agree to reasonable requests to waive procedural formalities.

(d) The lawyer, and not the client, has the discretion to determine the customary accommodations to be granted opposing counsel in all matters not directly affecting the merits of the cause or prejudicing the client's rights.

(e) A lawyer must adhere strictly to all written or oral promises to and agreements with opposing counsel, and should adhere in good faith to all agreements implied by the circumstances or by appropriate local custom.

(f) Written communications with opposing counsel may record and confirm agreements and understandings, but must not be written to ascribe to any person a position that he or she has not taken or to create a record of events that have not occurred.

## Obligations to the Court

Judges and lawyers each have obligations to the court they serve.  A lawyer must be respectful, diligent, candid and punctual in all dealings with the judiciary.  A lawyer has a duty to promote the dignity and independence of the judiciary, and protect it against unjust and improper criticism and attack. A judge has a corresponding obligation to respect the dignity and independence of the lawyer, who is also an officer of the court.

### Communication with the Court

(a) A lawyer must always show courtesy to and respect for a presiding judge. While a lawyer may be cordial in communicating with a presiding judge in court or in chambers, the lawyer should never exhibit inappropriate familiarity. In social relations with members of the judiciary, a lawyer should take care to avoid any impropriety or appearance of impropriety. In making any communication about a judge, a lawyer should not express or imply that the lawyer has a special relationship or influence with the judge.

(b) A lawyer should never make any attempt to obtain an advantage through improper ex parte communication with a judge or the staff in the judge's chambers.  A lawyer must make every effort to avoid such communication on any substantive matter and any matter that could reasonably

be perceived as substantive, except as addressed in subpart (c) below.  When a lawyer informally communicates with a court, the highest degree of professionalism is required.

(c)     If ex parte communication with the court is permitted by applicable rules of ethics and procedure, a lawyer must diligently attempt to notify opposing parties, through their counsel if known, unless genuine circumstances exist that would likely prejudice the client's rights if notice were given. When giving such notice, the lawyer should advise the opponent of the basis for seeking immediate relief and should make reasonable efforts to accommodate the opponent's schedule so that the party affected may be represented.

(d)     When possible, a lawyer's communications with the court related to a pending case should be in writing, and copies should be provided promptly to opposing counsel.  When circumstances require oral communication with the court, a lawyer must notify opposing counsel of all such communications promptly.

### Independence and Impartiality of Judicial Officers and Neutrals

(a)     Judges, arbitrators, mediators and other neutrals must maintain their independence and impartiality. They must not allow professional or personal relationships, employment prospects or other improper considerations to influence or appear to influence the discharge of their duties.

(b)     A judge must promote the dignity and proper discharge of the duties of the lawyer, who is also an officer of the court entitled to respect and courtesy.

## Obligations to the System Of Justice

A lawyer has an obligation to promote the resolution of cases with fairness, efficiency, courtesy, and justice. As an officer of the court and as an advocate in the court, a lawyer should strive to improve the system of justice and to maintain and to develop in others the highest standards of professional behavior.

### Devotion to the System of Public Justice

A lawyer must strive at all times to uphold the honor and dignity of the profession. Every lawyer should contribute to the improvement of the system of justice and support those measures that enhance the efficiency, fairness and quality of justice dispensed by the courts. A lawyer should never manifest, or act upon, bias or prejudice toward any person based upon race, sex, religion, national origin, disability, age, sexual orientation or socioeconomic status.

### Pro Bono Publico

A lawyer should personally render public interest legal service and support organizations that provide legal services to persons of limited means by contributing time and resources.

### Settlement and Alternative Dispute Resolution

A lawyer must never be reluctant to take a meritorious case to trial if the dispute cannot otherwise be satisfactorily resolved. However, a lawyer must provide the client with alternatives to trial when to do so would be consistent with the client's best interests.  A lawyer should educate clients early in the legal

process about various methods of resolving disputes without trial, including mediation, arbitration, and neutral case evaluation.

## Motions and Pretrial Procedure

A lawyer has an obligation to cooperate with opposing counsel as a colleague in the preparation of the case for trial.  Zealous representation of the client is not inconsistent with a collegial relationship with opposing counsel in service to the court.  Motions and pretrial practice are often sources of friction among lawyers, which contributes to unnecessary cost and lack of collegiality in litigation.  The absence of respect, cooperation, and collegiality displayed by one lawyer toward another too often breeds more of the same in a downward spiral.  Lawyers have an obligation to avoid such conduct and to promote a respectful, collegial relationship with opposing counsel.

**Scheduling and Granting Extensions for Pretrial Events**

(a) A lawyer should schedule pretrial events cooperatively with other counsel as soon as the event can reasonably be anticipated. Lawyers scheduling an event should respect the legitimate obligations of colleagues and avoid disputes about the timing, location and manner of conducting the event.

(b) A lawyer should seek to reschedule an event only if there is a legitimate reason for doing so and not for improper tactical reasons. A lawyer receiving a reasonable request to reschedule an event should make a sincere effort to accommodate the request unless the client's legitimate interests would be adversely affected.

(c) Scheduling pretrial events and granting requests for extensions of time are properly within the discretion of the lawyer unless the client's interests would be adversely affected. A lawyer should counsel the client that cooperation among lawyers on scheduling is an important part of the pretrial process and expected by the court. A lawyer should not use the client's decision on scheduling as justification for the lawyer's position unless the client's legitimate interests are affected.

**Service of Process, Pleadings and Proposed Orders**

(a) The timing, manner, and place of filing, electronic filing or serving papers should never be calculated to delay, embarrass or improperly disadvantage the party being served.

(b) Unless exigent circumstances require otherwise, papers filed in a court must be promptly served upon or made available to opposing parties or counsel.

(c) Papers should not be served in a manner deliberately designed to unfairly shorten an opponent's time for response or to take other unfair advantage of an opponent.

(d) Service must be made in a manner that affords an opposing party a fair and timely opportunity to respond, unless exigent circumstances legitimately require or applicable rules permit an ex parte application to the court or an abbreviated time for response.

**Motion Practice and Other Written Submissions to the Court**

(a) Before filing pretrial motions, lawyers should work together to resolve issues and to

CODE OF PRETRIAL AND TRIAL CONDUCT

6

identify matters not in dispute.  When motions are necessary, lawyers should cooperate to facilitate the filing, service, and hearing of the motion.  Orders submitted to the court must fairly and accurately reflect the requested or actual ruling of the court.

(b) In written submissions and oral presentations, a lawyer should neither engage in ridicule nor sarcasm.  Neither should a lawyer ever disparage the integrity, intelligence, morals, ethics, or personal behavior of an opposing party or counsel unless such matters are directly relevant under controlling law.

(c) When documents or data are presented to the court, they must be furnished to opposing counsel in exactly the same format, including identical highlighting or other emphasis.

**Pretrial Conferences**

(a) A lawyer should seek to reach agreement with opposing counsel to limit the issues to be addressed before and during trial.

(b) A lawyer should determine in advance of a pretrial conference the trial judge's custom and practices in conducting such conferences.

(c) A lawyer should satisfy all directives of the court set forth in the order setting a pretrial conference and should consult and comply with all local rules and with any specific requirements of the trial judge unless properly challenged when based upon a belief of unfair prejudice to the client.

(d) Before a pretrial conference, a lawyer should ascertain the willingness of the client (and the carrier if an insurer is involved) to participate in alternative dispute resolution.

(e) Unless unavoidable circumstances prevent it, a lawyer representing a party at a pretrial conference must be thoroughly familiar with each aspect of the case, including the pleadings, the evidence, and all potential procedural and evidentiary issues.

(f) A lawyer should alert the court as soon as practicable to scheduling conflicts of clients, experts, and witnesses.

(g) If stipulations are possible for uncontested matters, a lawyer should propose specific stipulations and work with opposing counsel to obtain an agreement in advance of the pretrial conference.

(h) In advance of a final pretrial conference, discovery should be completed, discovery responses should be supplemented, evidentiary depositions should be concluded, and settlement should be explored.

(i) Unless unavoidable circumstances prevent it, the final pretrial conference should be attended by a lawyer who will actually try the case, and, in any event, by a lawyer who is familiar with the case.

(j) At or before a final pretrial conference, a lawyer should alert the court to the need for any pretrial rulings, hearings on motions or other matters requiring action by the court in advance of trial.

(k) At the final pretrial conference, a lawyer should be prepared to advise the court of the status of settlement negotiations and the likelihood of settlement before trial.

## Discovery

A lawyer must conduct discovery as a focused, efficient, and principled procedure to gather and preserve evidence in the pursuit of justice. Discourtesy, obfuscation, and gamesmanship have no proper place in this process.

**Discovery Practice**

(a) In discovery, as in all other professional matters, a lawyer's conduct must be honest, courteous, and fair.

(1) A lawyer should conduct discovery efficiently to elicit relevant facts and evidence and not for an improper purpose, such as to harass, intimidate, unduly burden another party or a witness or to introduce unnecessary delay. Overly broad document requests should be avoided by focusing on clear materiality and a sense of cost/benefit.

(2) A lawyer should respond to written discovery in a reasonable manner and should not interpret requests in a strained or unduly restrictive way in an effort to avoid responding or to conceal relevant, nonprivileged information.

(3) Objections to interrogatories, requests for production, and requests for admissions must be made in good faith and must be adequately explained and limited in a manner that fairly apprises the adversary of the material in dispute and the bona fide grounds on which it is being withheld.

(4) When a discovery dispute arises, opposing lawyers must attempt to resolve the dispute by working cooperatively together. Lawyers should refrain from filing motions to compel or for court intervention unless they have genuinely tried, but failed, to resolve the dispute through all reasonable avenues of compromise and resolution.

(5) Lawyers should claim a privilege only in appropriate circumstances. They must not assert a privilege in an effort to withhold or to suppress unprivileged information or to limit or delay a response.

(6) Requests for additional time to respond to discovery should be made as far in advance of the due date as reasonably possible and should not be used for tactical or strategic reasons.

(7) Unless there are compelling reasons to deny a request for additional time to respond to discovery, an opposing lawyer should grant the request without necessitating court intervention. Compelling reasons to deny such a request exist only if the client's legitimate interests would be materially prejudiced by the proposed delay.

(b) Depositions should be dignified, respectful proceedings for the discovery and preservation of evidence.

(1) A lawyer should limit depositions to those that are necessary to develop the claims or defenses in the pending case or to perpetuate relevant testimony.

(2) A lawyer should conduct a deposition with courtesy and decorum and must

never verbally abuse or harass the witness, engage in extended or discourteous colloquies with opposing counsel or unnecessarily prolong the deposition.

(3) During a deposition, a lawyer must assert an objection only for a legitimate purpose. Objections must never be used to obstruct questioning, to communicate improperly with the witness, to intimidate, to harass the questioner or to disrupt the search for facts or evidence germane to the case.

## Relationships with Witnesses and Litigants

A lawyer must treat all persons involved in a case with candor, courtesy and respect for their role and rights in the legal process.

### Communicating with Nonparty Fact Witnesses

(a) A lawyer must carefully comply with all laws and rules of professional responsibility governing communications with persons and organizations with whom the lawyer does not have an attorney-client relationship. A lawyer must be especially circumspect in communications with nonparty fact witnesses who have a relationship to another party.

(b) In dealing with a nonparty who is a fact witness or a potential fact witness, a lawyer must:

(1) disclose the lawyer's interest or role in the pending matter and avoid misleading the witness about the lawyer's purpose or interest in the communication;

(2) be truthful about the material facts and the applicable law;

(3) if the nonparty has no counsel, correct any misunderstanding expressed by the nonparty;

(4) treat the nonparty courteously; and

(5) avoid unnecessarily embarrassing, inconveniencing or burdening the nonparty.

(c) If a lawyer is informed that a nonparty fact witness is represented by counsel in the pending matter, the lawyer must not communicate with the witness concerning the pending litigation without permission from that counsel.

(d) If communicating with a nonparty fact witness, the lawyer should be careful to avoid fostering any impression that the lawyer also represents that witness unless the lawyer does, in fact, represent the witness in compliance with the applicable rules of professional responsibility.

(e) A lawyer should not obstruct another party's access to a nonparty fact witness or induce a nonparty fact witness to evade or ignore process.

(f) A lawyer should not issue a subpoena to a nonparty fact witness except to compel, for a proper purpose, the witness's appearance at a deposition, hearing, or trial or to obtain necessary documents in the witness's possession.

**Access to Fact Witnesses and Evidence**

(a) Subject to the applicable law and ethical principles, and to constitutional requirements in criminal matters, a lawyer may properly interview any person who is not a retained expert, because a fact witness does not "belong" to any party. A lawyer should avoid any suggestion calculated to induce any witness to suppress evidence or to deviate from the truth. However, without counseling the witness to refrain from cooperating with opposing counsel, a lawyer may advise any witness that he or she does not have a legal duty to submit to an interview or to answer questions propounded by opposing counsel, unless required to do so by judicial or legal process.

(b) A lawyer may never suppress any evidence that the lawyer or the client has a legal obligation to reveal or to produce. In the absence of such an obligation, however, it is not a lawyer's duty to disclose any work product, evidence or the identity of any witness.

(c) A lawyer must not advise or cause a person to secrete himself or herself or to leave the jurisdiction of a tribunal for the purpose of becoming unavailable as a witness.

(d) Except as provided in subparagraphs (1) and (2) below, a lawyer should not pay, offer to pay or acquiesce in the payment of compensation to a fact witness and may never offer or give any witness anything of value contingent upon the content of the witnesses' testimony or the outcome of the case. To the extent permitted by the applicable rules of professional responsibility, a lawyer may advance, guarantee or acquiesce in the payment of:

(1) expenses reasonably incurred by a witness in attending or testifying; and

(2) reasonable compensation to a witness for the witness's loss of time in attending or testifying;

(e) A lawyer may solicit witnesses to a particular event or transaction but not to testify to a particular version of the facts.

**Relations with Consultants and Expert Witnesses**

(a) In retaining an expert witness, a lawyer should respect the integrity, professional practices and procedures in the expert's field and must never ask or encourage the expert to compromise the integrity of those practices and procedures for purposes of the particular matter for which the expert has been retained.

(b) A retained expert should be fairly and promptly compensated for all work on behalf of the client. A lawyer must never make compensation contingent in any way upon the substance of the expert's opinions or written report or upon the outcome of the matter for which the expert has been retained.

c) Other than as expressly permitted by governing law, a lawyer should not communicate with, or seek to communicate with, an expert witness concerning the pending litigation whom the lawyer knows to have been retained by another party, unless express permission is granted by counsel for the retaining party.

## Trial

A lawyer must conduct himself or herself in trial so as to promote respect for the court and preserve the right to a fair trial.  A lawyer should avoid any conduct that would undermine the fairness and impartiality of the administration of justice, and seek to preserve the dignity, decorum, justness and courtesy of the trial process.

**Relations with Jurors**

Lawyers and judges should be respectful of the privacy of jurors during voir dire and after a verdict.  A lawyer should abstain from all acts, comments and attitudes calculated to inappropriately curry favor with any juror, such as fawning, flattery, solicitude for the juror's comfort or convenience or the like.

**Courtroom Decorum**

(a)     Proper decorum in the courtroom is not an empty formality.  It is indispensable to the pursuit of justice at trial.

(b)     In court, a lawyer should always display a courteous, dignified and respectful attitude toward the judge presiding and should promote respect for and confidence in the judicial office.  The judge should be courteous and respectful to the lawyer, who is also an officer of the court.

(c)     A lawyer should never engage in discourteous or acrimonious comments or exchanges with opposing counsel.  Objections, requests and observations must be addressed to the court.

(d)     A lawyer should advise the client and witnesses appearing in the courtroom of the kind of behavior expected and counsel them against engaging in any disrespectful, discourteous or disruptive behavior in the courtroom.

**Trial Conduct**

(a)     A lawyer has the professional obligation to represent every client courageously, vigorously, diligently and with all the skill and knowledge the lawyer possesses.  The conduct of a lawyer before the court and with other lawyers should at all times be characterized by civility.  A lawyer should present all proper arguments against rulings the lawyer deems erroneous or prejudicial and ensure that a complete and accurate case record is made.  In doing so, the lawyer should not be deterred by any fear of judicial displeasure.

(b)     In appearing in a professional capacity before a tribunal, a lawyer must not:

(1)     improperly obstruct another party's access to evidence or unlawfully alter, destroy or conceal a document or other material having potential evidentiary value; nor should a lawyer counsel, permit or assist another person to do any such act;

(2)     falsify evidence, counsel or assist a witness to testify falsely, or offer an inducement to a witness that is prohibited by law; or

(3)     allude to any matter that the lawyer does not reasonably believe is relevant or will not be supported by admissible evidence, assert personal knowledge of facts in issue except when

testifying as a witness, or state a personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant or the guilt or innocence of an accused.

(c) A lawyer should not interrupt or interfere with an examination or argument by opposing counsel, except to present a proper objection to the court.

(d) When a court has made an evidentiary ruling, a lawyer should not improperly circumvent that ruling, although a lawyer may seek to make a record of the excluded evidence or a review of the ruling.

(e) A lawyer must not attempt to introduce evidence or to make any argument that the lawyer knows is improper. If a lawyer has doubt about the propriety or prejudicial effect of any disclosure to the jury, the lawyer should request a ruling out of the jury's hearing.

(f) A lawyer should never engage in acrimonious conversations or exchanges with opposing counsel in the presence of the judge or jury.

(g) Examination of jurors and of witnesses should be conducted from a suitable distance, except when handling evidence or circumstances otherwise require.

(h) Unless local custom dictates otherwise, a lawyer should rise when addressing or being addressed by the judge, except when making brief objections or incidental comments.  A lawyer should be attired in a proper and dignified manner in the courtroom.

(i) A lawyer should not in argument assert as a fact any matter that is not supported by evidence.

(j) A lawyer must never knowingly misquote or mischaracterize the contents of documentary evidence, the testimony of a witness, the statements or argument of opposing counsel, or the language of a judicial decision.

(k) A lawyer should not propose a stipulation in the jury's presence unless the lawyer knows or has reason to believe the opposing lawyer will accept it.

(l) A lawyer who receives information clearly establishing that the client has, during the representation, perpetrated a fraud on the court should immediately take the actions required by the appropriate procedural and ethical rules.

**Public Statements about Pending Litigation**

A case should be tried in the courtroom and not in the media.  A lawyer should follow all rules and orders of the court concerning publicity.  In the absence of a specific rule or order, a lawyer should not make any extrajudicial statement that may prejudice an adjudicative proceeding.

American College of Trial Lawyers
19900 MacArthur Boulevard, Suite 610
Irvine, California  92612
(Phone) 949-752-1801   (Fax) 949-752-1674
Website:  www.actl.com